```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                                  :
BRETT KIMBERLIN
                                  :

     v.                           :   Civil Action No. DKC 25-1476

METROPOLITAN SCHOOL DISTRICT OF   :
WASHINGTON TOWNSHIP SCHOOLS,
et al.                            :
```

**ORDER TO SHOW CAUSE**

The above-captioned complaint was filed *pro se* by Brett Kimberlin ("Plaintiff"), a Maryland resident.  All defendants, the Metropolitan School District of Washington Township Schools, its board, and its Superintendent, are in Indianapolis, Indiana, where Plaintiff resided until 1978.  Plaintiff alleges that, in 1968, when he was 14 years old, he was sexually assaulted by a science teacher.  Some report was made, and the teacher left his job.  In December 2023, Plaintiff's mother told him that the teacher had admitted his conduct, causing Plaintiff to experience "a flood of repressed memories, nightmares, anxiety, and post traumatic stresses."  (ECF No. 1 ¶ 6).  In June 2024, Plaintiff wrote to the Superintendent of the school system, demanding accountability and compensation.  Plaintiff is dissatisfied with the investigation and resulting response.  The complaint asserts claims under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 for the assaults and for failure to investigate, and violation of the Equal

Protection and Due Process Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

Plaintiff asserts that venue is proper in Maryland under 28 U.S.C. § 1391 because he resides here and "a substantial part of the events and communications giving rise to the claims occurred within this district."  (ECF No. 1 ¶ 16).  28 U.S.C. § 1391 provides, in part:

> (b) Venue in general.--A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff's residence is not relevant.  Plaintiff seems to contend that, because he lived in Maryland when his mother told him of the long-ago events, when he communicated with the authorities in Indianapolis, and when he recently suffered damages, that venue is proper here.  None of those aspects of the case constitute "events or omissions giving rise to the claim."  All events or omissions occurred in Indianapolis and that is where

2

all defendants reside. The place where the impact is felt cannot justify venue:

> Oldham argues that venue is appropriate in the Middle District of North Carolina because "the discriminatory impacts of [Defendants'] actions have [ ] occurred" here. (Doc. 27 at 25.) However, only the events *giving rise* to a claim may justify venue, not impacts felt by a plaintiff after an action accrues. *See Taylor v. City & Cnty. of Honolulu*, No. 7:16-CV-410-D, 2017 WL 3526660, at *3 (E.D.N.C. Aug. 16, 2017) (seeking medical care after an accident in a given district not sufficient to establish proper venue); *Apr. Ademiluyi v. Nat'l Bar Ass'n*, No. GJH-15-02947, 2016 WL 4705536, at *3 (D. Md. Sept. 8, 2016) (feeling "all the injuries" from defendants' actions in a given district not sufficient to establish proper venue); *Massi v. Lomonaco*, No. C/A0:10-265-CMC-PJG, 2010 WL 2429313, at *1 (D.S.C. May 25, 2010), report and recommendation adopted, No. C/A0:10CV-265CMC-PJG, 2010 WL 2429234 (D.S.C. June 11, 2010) ("Any argument that [plaintiff] has suffered monetarily in this district from [defendant's actions] is insufficient to confer venue in [this district] ... because otherwise venue almost always would be proper at the place of the plaintiff's residence."); *see also McClintock v. Sch. Bd. E. Feliciana Par.*, 299 Fed. App'x 363, 365 (5th Cir. 2008) ("Venue [ ] cannot lie simply because a plaintiff continues to experience the psychological effects of an injury in a particular place."). As such, the discriminatory impacts of Defendants' actions felt by Oldham in this district cannot justify venue here.

*Oldham v. Pennsylvania State Univ.*, 507 F.Supp.3d 637, 646 (M.D.N.C. 2020).

Pursuant to 28 U.S.C. § 1406(a), a case brought in an improper venue may be transferred to any district or division in which it could have been brought. All defendants are in Indianapolis, Indiana, so the action could have been brought there.

Accordingly, it is this 9th day of May, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff show cause, within twenty-one (21) days, why this case should not be transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division; and

2. The Clerk will transmit a copy of this Order to Plaintiff.

                                                                                              /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge